IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JABAR HALLY,

    Petitioner,                          No. CIV S-04-0828 RBB CMK P

    vs.

A.K. SCRIBNER, Warden,

    Respondent.                      FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding in forma pauperis and without counsel with an application for a writ of habeas corpus. On December 14, 2006, the court issued findings and recommendations recommending that petitioner's habeas application be denied. On March 1, 2007, petitioner filed a "Motion to Stay Habeas Corpus Petition and To Hold In Abeyance" so that he could file a petition for habeas relief in the California Supreme Court to exhaust his new and anticipated federal habeas claim in light of Cunningham v. California, ___U.S.___, 127 S.Ct. 856 (2007). In Cunningham, the United States Supreme Court held that California's procedure for selecting upper sentencing terms violates a defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not to the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." Cunningham, 127 S.Ct. at 860. Respondent filed an objection to petitioner's motion on March 12, 2007.

After a jury trial in September 2000, petitioner was convicted of attempted voluntary manslaughter, assault with a deadly weapon, possession of a firearm by a felon, two counts of assault with a firearm, and related enhancements. He was sentenced under California's Three Strikes law to a term of incarceration in California's state prison system.

On appeal, petitioner argued that California Penal Code section 1170.1 precluded the imposition of both the enhancement under section 12022.5(b)(1) and the enhancement under section 12022.7(a) in counts one and two. The California Court of Appeal, Third Appellate District, affirmed the judgment, noting that the trial court had stayed the lesser enhancement. On March 3, 2002, the California Supreme Court denied his petition for review. Petitioner also filed a petition for a writ of habeas corpus, which was first denied by the superior court, then the appellate court, and ultimately denied by the California Supreme Court on January 22, 2004.

On March 29, 2004, petitioner filed the present federal petition for habeas relief. As in his state habeas petitions, petitioner asserted that there was insufficient evidence to support his convictions and that he was denied effective assistance of trial counsel because his attorney failed to investigate mitigating factors and failed to present an adequate defense. This court issued findings and recommendations in December 2006 recommending that petitioner's federal habeas application be denied.

Rhines v. Weber, 544 U.S. 269 (2005) allows a court to stay a habeas petition pending exhaustion of claims in a mixed petition. Petitioner correctly states in his motion to stay, that the factors the court should consider when determining whether to grant a stay are (1) whether petitioner has good cause for failing to exhaust state remedies; (2) whether unexhausted claims are potentially meritorious; and (3) whether petitioner has been diligent in litigating his claims. Rhines, 544 U.S. at 277-78.

Here, petitioner seeks a stay in order to exhaust his claim that his Sixth and Fourteenth amendment rights were violated by the trial judge "elevating and boosting" his sentence without a jury's assessment of petitioner's aggravated enhancements." (Doc. 26 at 3:10-

12.) He argues that this claim arose when the Supreme Court decided Cunningham. In Cunningham, the Supreme Court rejected the California Supreme Court's decision that California's upper-term sentencing procedure was constitutional under Apprendi, Blakely, and Booker. See Cunningham, 127 S.Ct. at 868-71. The Supreme Court held that, because California Penal Code section 1170(b) and the implementing of California Rules of Court allow for imposing an upper term only by a fact that a judge finds by a preponderance of the evidence, the jury trial and reasonable doubt requirements of due process are missing in California's determinate sentencing law system. See id. at 868. In deciding Cunningham, the Supreme Court relied on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).

A new procedural rule of constitutional law cannot be applied retroactively on federal collateral review to upset a state conviction or sentence. Teague v. Lane, 489 U.S. 288 (1989). Applying this principle, the Ninth Circuit held that Blakely does not apply retroactively to convictions that became final prior to its publication on June 24, 2004. Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005). Cunningham hinged on applying the reasoning of Blakely to California's upper term sentencing scheme. See Cunningham, 127 S.Ct at 868-89.

Because petitioner's conviction became final before Blakely[1] and because the decision in Cunningham depended on the new rule announced in Blakely, the court finds that Cunningham would not apply retroactively to convictions that were final prior to its publication. In other words, Cunningham does not retroactively apply to petitioner's conviction, which became final in June 2002. As in Blakely, the decision in Cunningham shifted decision-making authority previously held by judges to juries, making it a "prototypical procedural rule" rather than a substantive rule. Schardt, 414 F.3d at 1036. Further, a change in the law requiring that judges

---

[1] Petitioner's conviction became final on June 11, 2002, ninety days after the California Supreme Court denied petitioner's petition for review. Bowen v. Roe, 188 F.3d 1157, 1159-59 (9th Cir. 1999).

rather than juries make the factual findings on which a sentence is based does not announce a watershed rule of criminal procedure. See id. at 1036. Therefore, Cunningham does not fall under Teague's "watershed" rule exception.

Because petitioner would not be entitled to relief under Cunningham, the court finds that his anticipated Cunningham claim is meritless. It is an abuse of discretion to grant a stay when a petitioner's unexhausted claim is plainly meritless. Rhines, 544 U.S. at 277-78. Accordingly, the court will recommend that petitioner's motion for a stay be denied.

Further, the court finds that petitioner is precluded from presenting his anticipated Cunningham claim by the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA, which is April 24, 1996. Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d). As this petition was filed on March 29, 2004, the AEDPA's statue of limitations applies.

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal was denied on December 31, 2001. He filed a petition for review in the California Supreme Court, which was denied on March 13, 2002. The state judgement became final ninety days later on June 11, 2002. The one-year limitations period expired on June 12, 2003, plus any "tolling" under 28 U.S.C. § 2244(d)(2).[2]

Petitioner filed his first state habeas petition on December 11, 2002, six months after the one-year limitations period began to run. Petitioner filed several other habeas petitions,

---

[2] Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed. That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

4

the last of which was denied by the California Supreme Court on January 22, 2004.  Therefore, the one-year limitations period was tolled from December 11, 2002 through January 22, 2004.  Petitioner had six months and one day to file his federal petition—that is until July 23, 2004.  Petitioner timely filed his federal habeas petition on March 29, 2004. However, the time to amend his petition with any new claims has expired.

Petitioner's anticipated Cunningham claim is not predicated on facts which give rise to any of the claims presented in his current federal petition.  Therefore, his anticipated claim does not "relate back" to his original federal petition.  See Mayle v. Felix, 545 U.S. 644 (2005) ("An amended habeas petition...does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.") The claims in petitioner's current federal petition–insufficient evidence to support his convictions and ineffective assistance of counsel due to failure to investigate mitigating evidence, are based on facts that differ in time and type from the anticipated Cunningham claim.  The court finds that even if petitioner were allowed to exhaust his anticipated Cunningham claim in state court, he is time-barred from presenting that new claim in federal court.

AEDPA's one year statute of limitations provision is subject to equitable tolling. See United States Dist. Ct. (Beeler), 128 F.3d at 1288, overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).  In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time.  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  The court does not find that petitioner has presented any evidence that he would be entitled to equitable tolling on his anticipated Cunningham claim.

1  Based on the foregoing, IT IS RECOMMENDED that petitioner's motion to stay
2 the proceedings so that he may exhaust a claim based on Cunningham in state court be denied.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
5 after being served with these findings and recommendations, petitioner may file written objections
6 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
7 and Recommendations."  Petitioner is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153
9 (9th Cir. 1991).

11 DATED:  March 14, 2007.

13  **CRAIG M. KELLISON**
14  UNITED STATES MAGISTRATE JUDGE